# Hobaugh, to use, Appellant, *v.* Philadelphia Company.

*Deed—Reservation or exception—Grant of oil—Supply of oil for domestic use—Oil lease.*

Where an agreement in writing grants all of the oil under the grantor's land to a corporation, its successors and assigns, reserving however, to the grantor his heirs and assigns, an undivided one-eighth of the oil, with the further right in the grantee to operate pipe lines to carry the oil produced on the land or upon any other land, and the agreement further provides that so long as oil is produced from the land, or from other lands, and carried in such pipe lines, the grantor "may have therefrom gas sufficient for fuel" for two dwelling houses, the provision for such supply of gas for fuel is a privilege personal to the grantor in the absence of words of inheritance, and dies with him.

In such a case the stipulation for the supply of gas is not an exception, but is a personal covenant, or at most a reservation.

Argued April 20, 1917.   Appeal, No. 29, April T., 1917, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1915, No. 605, on verdict for defendant in case of George Hobaugh, to use of John K. Hobaugh, v. Philadelphia Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for an alleged breach of a contract in writing.   Before McCONNELL, J.

From the record it appeared that on January 1, 1886, George Hobaugh executed a written instrument by which he conveyed to the Philadelphia Company "its successors and assigns all the natural gas and petroleum reserving one-eighth of said oil within all that certain tract of land" particularly described in the deed.   The writing further provided as follows:

"The said party of the first part hereby granting, leasing and letting the said land to the said party of the second part, its successors and assigns for the sole and only purpose of mining, drilling and operating for natural gas and petroleum oil or either and of laying down, maintaining and operating and as often repairing and replacing lines of pipe (buried not less than two feet under ground) for the conveyance over said land of natural gas and petroleum oil produced upon the same or upon any other lands with the right to enter upon the said tract of land with the machinery apparatus and material necessary and useful for said purposes and of ingress and egress to and from said land for the said party of the second part, its employees and workmen at any and all times and the right of removing all machinery, fixtures and property placed upon the said land under this grant.

"TO HAVE AND TO HOLD the said natural gas and petroleum oil (reserving however to the party of the first part, his heirs and assigns, the undivided one-eighth (1-8) part or share of the petroleum produced from the wells, drilled upon said land under said grant) and the

407, (1917).] Statement of Facts—Opinion of the Court.

estate and rights hereby granted and mentioned and such other rights and privileges as are incident and necessary to the proper enjoyment of the same. And the party of the second part hereby agrees that when and so long as gas is being produced from the wells on said land, or is being conducted over the same in pipe lines laid down under this agreement, the party of the first part may have therefrom gas sufficient for fuel at the two principal dwelling houses on said land by laying his own pipes to conduct the same from the well or pipe line."

George Hobaugh subsequently died having devised the land in question to his two sons Jacob and George and his two daughters. Other facts appear by the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*G. B. Shaw,* with him *John S. Silsley,* for appellant.— The agreement involved an exception as to the supply of gas: Kister v. Reeser, 98 Pa. 1; Hutton v. Carnegie Nat. Gas Co., 51 Pa. Superior Ct. 376; Whitaker v. Brown, 46 Pa. 197; Kellert v. R. & P. Coal & Iron Co., 226 Pa. 27.

*James S. Moorehead,* with him *Robert W. Smith,* for appellee.—The case of Kister v. Reeser, 98 Pa. 1, rules the present case, and shows our language to create a reservation only: Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614; Riefler v. Wayne Storage Co., 232 Pa. 282; Moffitt v. Lytle, 165 Pa. 173.

OPINION BY HENDERSON, J., July 13, 1917:

The controversy between the parties in this case arises out of an agreement entered into between George Ho-

baugh and the defendant, dated January 1, 1886, by which agreement the former granted, bargained, sold and conveyed to the latter all the natural gas and petroleum oil "reserving one-eighth (1-8) of said oil" in a tract of land owned by the grantor, together with the right to the second party to lay, maintain and operate lines of pipe for the conveyance over the land of natural gas and petroleum oil produced on that land or upon any other lands with a right of entry to maintain, repair and remove. The agreement also contains the following clause: "And the party of the second part hereby agrees that when and so long as gas is being produced from the wells on said land, or is being conducted over the same in pipe lines laid down under this agreement, the party of the first part may have therefrom gas sufficient for fuel at the two principal dwelling houses on said land by laying his own pipes to conduct the same from the well or pipe line." The contract contains words of inheritance as to the reservation of one-eighth of the oil but none with reference to the supply of gas. Two gas wells were drilled on the farm during the lifetime of the grantor and pipe lines were laid over it. George Hobaugh devised the whole tract to his sons, Jacob and George, and to his two daughters. The present plaintiff is a son of George Hobaugh and became the owner of that part of the land devised to his father. William Friedell is the owner of that part devised to Jacob Hobaugh. The dwelling house occupied by the plaintiff was never supplied with gas, it not having been fitted for the use of gas. Demand having been made by the plaintiff on the defendant about March 10, 1914, for a supply of gas for his house and this demand having been refused, the plaintiff brought this action to recover damages arising from this refusal. It is not claimed that the plaintiff acquired by assignment the right to gas which his grandfather had under the contract. The plaintiff's title, if any he have, must come through his acquisition of a part of the land to which the contract applied. It is very clear that the grantor of the

oil and gas understood the effect of an exception for there is an expressed intention to withhold from the grant one-eighth of the oil, that interest being reserved to the grantor, his heirs and assigns, but no such limitation exists as to the transfer of the gas. There is no definition of the quantity of gas nor is the supply to be used by the grantor restricted to that produced from wells on his land. He may take it from the company's lines although produced on another farm. In the one case the oil is withheld from the grantee; in the other there is a general covenant on the part of the latter to supply gas for the two dwelling houses, either from wells on the farm or in some other locality, to be conveyed through pipe lines over the farm. The grant lacks words essential to create an exception as to the gas and the right thereto is not attached to the land acquired by the plaintiff. It was a personal covenant or at most a reservation without words of inheritance and the plaintiff never acquired an interest therein. The right to take gas out of the defendant's line for the supply of the houses whether the gas originated on the plaintiff's land or elsewhere is a new right vested in the grantor and is not more than a reservation. We do not regard the contract as ambiguous or uncertain in its terms and it is to be construed therefore according to the meaning which its language implies. The learned trial judge construed it to create a reservation rather than an exception and the legal effect of this conclusion was the same so far as the plaintiff's right is concerned as if the provision for gas were simply a covenant between the parties. We are unable to obtain a view of the case which would sustain the plaintiff's action.

The judgment is therefore affirmed.